# C. A. Whyland, trading as American Credit & Trust Company, Appellant, v. Chicago Bonding & Surety Company, Appellee.

## Gen. No. 23,621.

1.   INDEMNITY, § 8*—*when application provides for monthly examination of accounts of employee.*   The answer in an application for an employee's fidelity bond in response to the question as to at what intervals applicant's accounts, books, stocks and securities will be inspected and audited and verified with funds on hand or in bank, that such inspection and audit will be made "at least once in every ........ months," must be deemed as imposing the duty of a monthly examination.

2.   CONTRACTS, § 199*—*when ungrammatical words not ignored.*   It is not the policy of the law to ignore words in a contract, though ungrammatical, where they can be interpreted and given effect in the light of the context of the instrument.

3.   INDEMNITY, § 6*—*when employer failing to ascertain peculations of employee may not recover on renewed bond.*   Where an employee, whose fidelity is insured by a bonding company, is a defaulter at the expiration of his term of employment, and the employer, at the time he makes a false statement as to the correctness of the employee's accounts for the purpose of renewing the bond, could, by a slight examination, discover the peculations, he cannot recover on the new bond.

4.   INDEMNITY, § 24*—*when evidence that insurer took security from third persons properly excluded.*   In an action on a fidelity bond by the assignee of an employer against a bonding company, evidence proffered to prove that defendant had taken security from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

third parties to protect itself from loss under the bond is properly
excluded.

5. INDEMNITY—*when instruction on right of recovery on renewed
bond where prior dishonesty of employee not disclosed is correct.*
In an action by the assignee of an employer against a bonding
company on a fidelity bond, an instruction that if the jury believed
that, by the exercise of ordinary care, plaintiff's assignor or plain-
tiff could have discovered before a specified date the fraud and dis-
honesty of the principal, the employee, then, as to any loss sus-
tained after such date as the result of the fraud of the employee
after the date at which plaintiff's assignor or plaintiff could have,
by the exercise of ordinary care, discovered the same there could
be no recovery, *held* to be correct.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES
M. WALKER, Judge, presiding. Heard in this court at the October
term, 1917. Affirmed. Opinion filed March 5, 1918. Rehearing de-
nied March 18, 1918.

FRANK SCHOENFELD and DAVID K. TONE, for appel-
lant.

SABATH, STAFFORD & SABATH, for appellee; CHARLES
B. STAFFORD, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opin-
ion of the court.

The cause of action in this suit has been determined
by two juries in favor of defendant. On the first ver-
dict a new trial was awarded, but judgment of *nil
capiat* was entered upon the second verdict, from
which plaintiff prosecutes this appeal. Unless in the
trial appealed from errors in procedure occurred of
such harmful effect upon the legal rights of defendant
as to call for a reversal and a third trial, the disputed
facts may be regarded as settled in favor of defendant.

The action is upon an employee's fidelity bond, in
which Joseph A. Sprange was the principal and de-
fendant the surety, insuring plaintiff's assignor, the
American Credit & Trust Company, against fraud,

dishonesty, embezzlement or misappropriation of funds by Sprange as its cashier and bookkeeper.

It is argued for reversal that the trial court erred in refusing to instruct a verdict in favor of plaintiff for the amount of his claim with interest, that prejudicial errors in procedure occurred involving the court's rulings on evidence, in its giving and refusing to give instructions to the jury, and in permitting improper remarks of defendant's counsel in the presence of the jury.

The bond as originally given was renewed for one year from November 5, 1914, with variation of plaintiff as obligee after March 4, 1915. In the original application, signed by plaintiff for the American Credit & Trust Company, plaintiff being then manager of the company and owner of all its stock, a so-called employer's statement was signed, containing the following:

"In consideration of the issuance of the above bond by the Chicago Bonding and Surety Company, the undersigned agrees that the above answers shall be warranties and conditions precedent to the issuance and continuance of said bond."

Among the questions and answers in the statement were these:

"Q. At what intervals will applicant's books, accounts, stock and securities be inspected and audited and verified with funds on hand or in bank?

"A. At least once in every........months."

On October 14, 1914, in response to an expiration notice and for the purpose of obtaining a renewal of the bond, the following certificate, dated November 2, 1914, was furnished defendant:

"To Chicago Bonding and Surety Company, Chicago:

*This is to certify,* That since the issuance of the above bond Mr. Sprange has faithfully, honestly and punctually accounted to me for all money and property in his control or custody as my Employe; has always

had proper securities and funds on hand to balance his accounts, and is not now in default to me.

Dated Nov. 2, 1914.

Signed American Credit and Trust Co.

By C. A. Whyland.''

Plaintiff claimed that at the time suit was commenced Sprange was a defaulter, and the evidence shows that the first shortage in his accounts was June 27, 1914, and that abstractions of money continued three or four times a month thereafter until November, 1914, when they amounted to about $1,900.

It is contended by plaintiff that the answer to the question as to the inspection, auditing and verification of Sprange's books, etc., imposed no duty upon plaintiff, because the answer to the question was indefinite, being, as above recited, ''At least once in every...... months,'' therefore imposing no obligation on plaintiff to make any examination. To this contention we cannot yield our assent.

By legal interpretation the duty was imposed upon plaintiff to make an examination once every month. It is not the policy of the law to ignore words in a contract, though ungrammatical, where they can be interpreted and given effect in the light of the context of the instrument. Furthermore, we think that by the certificate which plaintiff gave on application for a renewal he recognized, if not expressly at least by a fair implication, the duty resting upon him in virtue of his answer to the question preceding it. In faith of the verity in such answer of the representations that Sprange had accounted to plaintiff honestly and punctually for all moneys or property in his control or custody, that he had always had the proper securities and funds on hand to balance his accounts, and was not then in default to plaintiff, the defendant renewed the obligation for one year. We have no right to assume that defendant would have renewed its obligation had plaintiff stated the truth—that nothing was known in regard to the correctness of Sprange's

accounts, as to whether he was a defaulter and dishonest, or was at the time the renewal was requested a defaulter in a large sum.

The statement that Sprange was not at the time it was made in default was admittedly false. He, Sprange, was at that time a defaulter. He had embezzled the money of plaintiff in a clumsy, obvious way, easy of detection. This statement was the larger consideration for renewing the bond, the money consideration being a premium of $15. The falsity of the statement vitiated the contract, for if only a slight examination had been made the peculations would have been discovered, as they were by the mere comparison, made subsequent to the renewal, of the bank balance with Sprange's books. Plaintiff cannot escape the legal or moral effect of his statement. He is bound by it, and its falsity is sufficient ground for defeating the claim now made. It is not a case of difficult accounting, an honest examination of which might have deceived an alert examiner and left the frauds undiscovered. To this effect is *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 233 Ill. 475. Here there was no examination of Sprange's accounts, which were so blunderingly kept that a superficial examination of them would have disclosed that the keeper thereof was a rogue and an embezzler. The holding in *Drabek v. Grand Lodge of Bohemian Slavonian Benev. Society,* 24 Ill. App. 82, that if the principal in the bond was a defaulter at the close of his previous term of office, and the president of the society, with knowledge of such fact, falsely represented to the defendants that his accounts were correct, thereby inducing them to deliver the bond in suit, the action thereon cannot be maintained, is decisive against plaintiff's claim. The facts in the record impute to plaintiff such knowledge of the falsity of the statement as to debar him from now insisting that he in fact did not know the falsity thereof, means of

knowledge being within his control and accessible to him. In the light of his statement, it will be assumed that he advantaged of the information open to him.

The cases cited by plaintiff to support his contention that negligence on his part has no effect upon his right of recovery are in no sense parallel to the instant case, but are grounded on entirely different circumstances and conditions.

It was not error to exclude evidence proffered in an attempt to prove that the defendant had taken security from third parties to protect itself from loss under the bond in suit. Such evidence was beside the question before the court, and if admitted could in no sense affect the liability of defendant *pro* or *con*. It was immaterial when such security may have been, if it was, taken. It would not warrant a recovery if there was no liability. Such security whenever received, if this suit fails, as it so far has, will probably be returned by defendant to the parties from whom the same was taken. The remarks of counsel objected to as improper find some support in the record, although they might with more propriety have been omitted.

The following instruction is objected to as constituting reversible error:

"If the jury believe from the evidence that by the exercise of ordinary care the American Credit & Trust Company, or the plaintiff, could have discovered before the 12th day of March, A. D. 1915, the fraud and dishonesty of the principal in the bond, Joseph Arthur Sprange, then, as to any loss or any moneys misappropriated or taken fraudulently by the said Sprange after the date at which said American Credit & Trust Company, or the plaintiff, could have, by the exercise of ordinary care, discovered the same, there can be no recovery, and as to said losses, which occurred after such time, the jury should find the issues for the defendant."

We think this instruction as applied to the proofs, bearing in mind the false statement in faith of which

the bond was renewed, states a correct legal principle. We find no reversible error in the rulings of the court on any of the instructions.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*